IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| MARYKAY FALLON, | ) | CASE NO. 1:17 CV 2357 |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | MAGISTRATE JUDGE |
|  | ) | WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF SOCIAL SECURITY, | ) | |
| Defendant. | ) | **MEMORANDUM OPINION & ORDER** |

## Introduction

MaryKay Fallon sought supplemental security income benefits because of mental impairments and stress incontinence. The Commissioner found Fallon incapable of performing her past work as a receptionist but found a significant number of jobs in the national economy existed that Fallon could perform.[1] Substantial evidence supports the Commissioner's decision. I, therefore, affirm the Commissioner's denial of supplemental security income benefits.[2]

## Analysis

This is a straight-forward treating source case. Fallon argues that substantial evidence does not support the weight assigned to three treating sources:

1) Dr. Lederer, given partial weight;

---

[1] ECF No. 13, Transcript ("Tr.") at 20-21.
[2] The parties consented to my jurisdiction. ECF No. 23.

2) Dr. Vater, given little weight; and

3) Renee Pennington, CNP, given little weight.

## A. Treating physician rule and good reasons requirement

The Sixth Circuit in *Gayheart v. Commissioner of Social Security*[3] emphasized that the regulations require two distinct analyses in evaluating the opinions of treating sources.[4] The *Gayheart* decision directed that the ALJ must first determine if the opinion must receive controlling weight as well-supported by clinical and laboratory techniques and as not inconsistent with other evidence in the administrative record.[5] If the ALJ decides not to give the opinion controlling weight, then a rebuttable presumption exists that the treating physician's opinion should receive great deference.[6] This presumption may be rebutted by application of the factors set forth in 20 C.F.R. §§ 416.927(c)(2)(i)-(ii), (3)-(6).[7] The Court cautioned against collapsing these two distinct analyses into one.[8]

Despite the seemingly clear mandate of *Gayheart*, the Sixth Circuit in later decisions has adopted an approach that permits these two separate analyses to be merged into one so long as the ALJ states "good reasons" for the weight assigned, applying the regulatory factors governing each analytical step.[9] Also, despite the reality that a unified statement

---

[3] *Gayheart v. Comm'r of Soc. Sec.*, 710 F.3d 365 (6th Cir. 2013).
[4] *Id.* at 375-76.
[5] *Id.* at 376.
[6] *Rogers*, 486 F.3d at 242.
[7] *Gayheart*, 710 F.3d at 376.
[8] *Id.*
[9] *E.g., Biestek v. Comm. of Soc. Sec.*, 880 F.3d 778, 785 (6th Cir. 2017).

of these "good reasons" greatly enhances meaningful judicial review,[10] some authority exists for looking outside the unified statement for analysis of the weight assigned to a treating source's opinion.[11] Going beyond the reasons stated in the unified statement takes the Court in the hazy gray area where the sirens of *de novo* review and *post hoc* rationalization reside. A reviewing district court must avoid both. An ALJ cannot avoid reversal by merely citing exhibits in the record that might support her findings without discussing the content of those exhibits and explaining how that content provides support.[12] Nor can counsel for the Commissioner save a decision from reversal by citing to evidence in the record not cited and adequately discussed by the ALJ.[13] It is for the ALJ, not the court or Commissioner's counsel, to "build a logical bridge from the evidence to the conclusion."[14] "Put simply, . . . there must be some effort . . . to explain why it is the treating physician's conclusion that gets the short end of the stick."[15]

With these principles in mind, I turn to the treatment of the three treating sources' opinions.

---

[10] *Smith v. Comm. of Soc. Sec.*, No. 5:13cv870, 2104WL1944247, at **7-8 (N.D. Ohio May 14, 2014).
[11] *See, e.g., Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528 (6th Cir. 2001).
[12] *Smith v. Comm'r of Soc. Sec.*, No. 5:13 CV 870, 2104 WL 1944247, at *7 (N.D. Ohio May 14, 2014).
[13] *Sharp v. Comm'r of Soc. Sec.*, No. 1:14-cv-523, 2015 WL 3545251 (S.D. Ohio June 4, 2015) (citing *Keeton v. Comm'r of Soc. Sec.*, 583 F. App'x 515, 524 (6th Cir. 2014)), *report and recommendation adopted by* 2015 WL 3952331 (S.D. Ohio June 29, 2015).
[14] *Hale v. Colvin*, No. 3:13cv182, 2014 WL 868124, at *8 (S.D. Ohio March 5, 2014), *report and recommendation adopted by* 2014 WL 4829539 (S.D. Ohio Sept. 29, 2014).
[15] *Friend* v. *Comm'r of Soc. Sec.*, 375 F. App'x 543, 552 (6th Cir. 2010).

Dr. Lederer opined in March 2013 that Fallon was moderately to markedly limited in her ability to maintain attention to perform simple repetitive tasks, and that Fallon was markedly limited in her ability to relate to others, including fellow workers and supervisors.[16] The ALJ gave the following reasons for assigning partial weight to Dr. Lederer's opinion. First, Dr. Lederer herself opined that Fallon was able to understand and follow instructions. Second, the objective medical evidence only partially supported limitations in completing tasks and functioning socially, and other record evidence – including Fallon's ability to shop for groceries and maintain an organized carpool schedule – did not support Fallon being markedly limited in completing tasks or functioning socially. Third, the record showed Fallon's mental impairments had improved.[17]

Dr. Vater opined in 2014 and 2015 that Fallon had extensive limitations.[18] The ALJ gave the following reasons for assigning little weight to Dr. Vater's opinions: (1) the opinions were inconsistent with the record as a whole; (2) the opinions were contrary to Fallon's activities of daily living; and (3) Fallon's impairments improved with treatment.[19]

Pennington also opined in 2015 that Fallon had extensive limitations.[20] The ALJ gave the following reasons for assigning little weight to Pennington's opinion: (1) the

---

[16] Tr. at 571.
[17] *Id.* at 18-19.
[18] *Id.* at 793-96, 918-19.
[19] *Id.* at 19.
[20] *Id.* at 857-58.

opinion was inconsistent with the record as a whole; (2) Fallon improved with treatment; and (3) Pennington is not an acceptable medical source.[21]

Outside the unified statements for these treating sources, the ALJ elaborated on his findings that Fallon's mental impairments are not disabling and that the degree of limitation alleged was inconsistent with the objective medical evidence.[22] Further, he gave great weight to the opinions of the state agency reviewing sources – who may have had the benefit of Dr. Lederer's opinion but who did not have Dr. Vater's or Pennington's opinions.[23] The reasons the ALJ gave for assigning great weight to the state agency reviewing sources were: (1) consistency with the record as a whole; (2) Fallon's improvement with treatment; and (3) Fallon's activities of daily living.[24] These are the same reasons the ALJ gave for discounting the opinions of the treating sources.

The ALJ's reliance on the state agency reviewing sources when those sources did not consider the opinions of two treating sources is troubling. Even more troubling is the fact that the ALJ articulated the same reasons to discount the treating source opinions and to credit the opinions of the state agency reviewing sources. But the critical reason opined by the ALJ is Fallon's improvement with treatment. And while the evidence is mixed, there is substantial evidence in the record that shows Fallon's mental impairments improved with treatment. The ALJ, with appropriate citations to the record, identified

---

[21] *Id.*
[22] *Id.* at 18.
[23] *Id.* at 156-66, 168-180.
[24] *Id.* at 20.

5

good reasons for the weight assigned to the three treating sources. Fallon clearly disagrees with those reasons and with how the ALJ weighed the conflicting evidence. But it is not for this Court to reweigh the evidence. Under the deferential standard of review, the Commissioner was within the "zone of choice" in denying Fallon's application for supplemental security income benefits.

## Conclusion

Substantial evidence supports the finding of the Commissioner that Fallon had no disability. Accordingly, the decision of the Commissioner denying Fallon's application for supplemental security income is affirmed.

Dated: February 19, 2019  　　　　　　　　　　　s/ William H. Baughman, Jr.
　　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge